This is a suit for specific performance of an agreement entered into prior to the marriage of complainant John Knis, to the defendant Mary Sobolewski now Mary Sobolewski Knis. This agreement was made by the parents of the prospective bride and groom, namely the complainants Stephen Knis and Agnes Knis and the defendants Adam Sobolewski and Veronica Sobolewski. By its terms the parents of John Knis agreed to give to the bride and groom the sum of $2,000, and the parents of Mary Sobolewski agreed to convey certain premises to the bride and groom. The parents of the groom deposited $2,000 to the joint account of John Knis and Mary Sobolewski. The parents of the bride, instead of conveying the premises by a deed to John Knis and his wife, which would have made them tenants by the entirety, prior to the marriage conveyed the premises to their daughter individually.
In the prayer for relief in the bill, complainants pray as alternative relief that the defendants be compelled to convey the premises so that John Knis and his wife should have title as tenants by the entirety, or in the alternative, that the agreement be rescinded and the $2,000 be returned to the parents of the groom.
The parents of the bride set up in their answer that the agreement was to convey the premises not by an absolute deed but with a reservation of a life interest in one-half of the property to themselves, and that this was the reason why the deed was made to their daughter alone. Defendant Adam Sobolewski testified as to this alleged reservation, but has not sustained the burden of proving it. His contention is *Page 339 
completely at variance with the documentary evidence, and I find it has not been sustained by the proof.
While this suit was pending, defendant Mary Sobolewski Knis conveyed the premises to a third party who in turn conveyed them to her and her husband, so that the agreement has in effect been carried out.
At the close of the hearing defendants offered to consent to a decree of the rescission of the agreement and the return of the $2,000. The complainants were given ten days by the court in which to decide whether to accept or reject his offer. They have rejected it and now ask that matters be left as they are, namely, with the bride and groom in possession of the $2,000 and holding the real estate as tenants by the entirety.
Defendants now contend that the court should enter a decree dismissing the bill and preserving the status quo as of the time of the filing of the suit. I have found that Adam and Veronica Sobolewski have failed to prove their claim of a reservation. All the issues have been heard before this court and the entire matter can be and should be disposed of now without placing the parties in a position where there is almost a certainty of further litigation.
I shall advise a decree that complainants are entitled to specific performance. Let a decree be presented on consent or notice with appropriate recitations that the conveyance to John Knis and Mary Sobolewski Knis as tenants by the entirety has been made and is confirmed as valid, and with a provision that the defendants Adam and Veronica Sobolewski have no interest in the real estate. *Page 340